UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No: 1:11-cv-234

| | | |
|---|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| WILLIAM G. GRAY, | ) ) | |
| Defendant. | ) | |

Defendant, in Reply to Plaintiff Harleysville Mutual Insurance Company's Memorandum of Law In Opposition To Defendant's William G. Gray's Motion To Dismiss, shows the Court:

### I.   Alleged Arson/Intentional Burning:

Plaintiff primarily relies on an unpublished opinion, Schaffner v. USAA Cas. Ins. Co., No. COA04-1041, 2005 WL 1949877, (N.C. App. Aug. 16, 2005) as support for its position it may maintain an action against defendant Gray for alleged intentionally burning. (See, Plaintiff's Opposition Brief, p. 2 and Exhibit A to brief). In Schaffner, the insured filed a fire insurance claim and the defendant insurance company filed a counterclaim. The insurance company "sought by subrogation the return of the $88,000.00 paid to BB&T Mortgage." *Schaffner*, at 2 . The court entered judgment on the counterclaim upon the jury finding that the insured had participated in the intentional burning of the property, and materially misrepresented his claim. *Id*. at 3. Schaffner does not support the claim against defendant Dr. Gray.

In Schaffner, the insurance company: (1) sought relief by way of subrogation (2) for money paid (3) pursuant to the terms of the insurance policy. None of these critical elements are present in this case.

It is well established that a fire insurance carrier may pay the mortgage holder or a loss payee by the terms of the insurance policy, and then seek recovery by way of subrogation against the named insured for intentional burning. Indeed, the statutory "standard fire insurance policy" contained in NCGS § 58-44-16 (which with few exceptions is incorporated into all fire policies in this state) provides in part:

> "If this insurer claims that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing the mortgagee's right to sue; or this insurer may pay off the mortgage debt and require an assignment of that debt and of the mortgage." NCGS § 58-44-16 (f) (11).

Harleysville Mutual Insurance Company does not purport to assert a present claim for subrogation. Furthermore, as the statutory standard fire insurance policy and case law provide (as previously referenced in Brief in Support of Defendant's Motion to Dismiss), there must first be a payment to have a subrogation claim. Finally, the payment must be under the terms of the insurance policy.

In Employers Mutual Casualty Company v. Griffin, 46 NC App 826, 266 S.E.2nd 18 (1980) the insurance company paid for a fire loss to the insured church. The insurance check was written to the church, the company which repaired the damage and the mortgagee of the church property. The insurance company then filed an action against the member of the church who had caused the fire, claiming that the insurance company was a subrogee of the church, the

2

repair company or the mortgagee. The NC Court of Appeals held that church, as an unincorporated association, could not sue one of its own members (i.e. itself), and thus that subrogation claim failed. Additionally, the repair company had no rights of recovery against the church member, to which subrogation would apply, and therefore, that claim likewise failed. Finally, regarding subrogation through the mortgagee, the Court stated:

> "The mortgagee has rights against the defendant [church member], see Edwards v. Meadows, 195 N.C. 255, 141 S.E. 595 (1928), but plaintiff has cited no authority, and we have found none, which indicates that plaintiff is entitled to be subrogated to those rights. The general rule is that upon payment of a loss the insurer is entitled to be subrogated to any right the insured may have against a third party who caused the loss, Milwaukee Ins. Co. v. McLean Trucking Co., 256 N.C. 721, 125 S.E.2d 25 (1962), and the mortgagee here is not an insured under plaintiff's policy."

Thus, even though the mortgagee had rights against the torfeasor/church member, since the insurance proceeds were not paid to the mortgagee through the insurance policy, the claim was dismissed.

Plaintiff argues that defendant Dr. Gray is "interested" in the insurance policy and that somehow makes a difference. He is not the named insured on the insurance policy. The named insured is "The Hammocks, LLC DBA Richmond Hill Inn." (See Exhibit A to Complaint, p 2.) One can imagine the response from Plaintiff had Dr. Gray, individually, sued Harleysville Mutual Insurance Company for the fire losses. It seems certain the insurance company would take the position he was not the "named insured" and not entitled to pursue the company directly. Regardless, without making payment under the policy, the Plaintiff has no subrogation claim

3

action against anyone, interested or not in the policy.

In this action, Plaintiff has failed to allege payment to its insured for the loss, or a right of subrogation through its insured or anyone else. As such, the complaint fails to state a claim for relief against defendant Dr. Gray for alleged intentional burning.

## II.     Alleged Fraud/Punitive Damages

Plaintiff argues that a member of a limited liability company may be held liable individually in tort, even though he was acting on behalf of his company. While this may true in some circumstances, (e.g. a negligent driver colliding with another vehicle may create liability for himself and his LLC), that principle has no applicability here. The damage claimed by plaintiff is economic. Thus, notwithstanding a lack of pleading to otherwise support claims for fraud or misrepresentation, there is simply no cognizable "tort" action under the circumstances. Defendant submits that there was no duty owed to plaintiff independent of the contractual duty of The Hammocks, LLC, and the "economic rule" would bar any alleged fraud/misrepresentation claims. In Kelly v. Georgia-Pacific LLC, 671 F. Supp.2d 785 (2009) the United States District Court for the Eastern Division of North Carolina held:

> "To pursue a tort claim and a breach of contract claim concerning the same conduct, "a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." *Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc.,* 994 F.Supp. 350, 362 (W.D.N.C.1997); *see Broussard,* 155 F.3d at 346; *Strum v. Exxon Co.,* 15 F.3d 327, 330-31 (4th Cir.1994); *Paine, Webber, Jackson & Curtis, Inc. v. Stanley,* 60 N.C.App. 511, 516-17, 299 S.E.2d 292, 295-96 (1983). Moreover, North Carolina courts have "carefully circumscribed" this independent duty requirement. *Strum,* 15 F.3d at 331. In so doing, North Carolina courts have strived to

keep tort and contract law (including law related to warranties) within their separate spheres. *Cf.* <u>East River S.S. Corp. v. Transamerica Delaval Inc., 476 U.S. 858, 871, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986)</u>. Accordingly, North Carolina courts have developed (and the Fourth Circuit has applied) the economic loss rule, which prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk." (citations omitted) *Id*. at 791.

Moreover, the economic rule applies even if there is no contract between the parties. *Id*. at 793-796.

As set forth in defendant's prior brief, the insurance contract itself provides for consequences in the event of fraud or misrepresentation committed by the insured. Otherwise, the door would be flung open, and theoretically Dr. Gray or the The Hammocks would be permitted to file tort claims against the individual adjusters or claims representatives of the Harleysville Mutual Insurance Company, for negligently failing to pay the fire loss claims. There are good reasons supporting the "economic loss" rule.

### III.   NCGS § 58-2-161

Plaintiff argues that a conviction is not required prior to pursuing a civil action against someone under NCGS § 58-2-161 for a false insurance claim, because the statute does not expressly state that a "conviction" is a condition precedent. The statute does expressly state that the court may award the "prevailing party" damages and fees, and defendant submits, the "prevailing party" must relate to the prior sentence: "In a civil cause of action for recovery based upon a claim for which defendant has been convicted under this section…" Alternatively, the statute does not expressly create a new or private cause of action, but may only provide a rule of evidence and a measure of damages for a civil action, independent of the criminal statute. By

5

contrast, *see* Chapter 75 of the North Carolina General Statutes, which expressly provides for a private cause of action for unfair and deceptive trade practices (NCGS § 75-16: "If any person shall be injured . . . by any other person, firm or corporation in violation of the provisions of this Chapter, such person . . .so injured shall have a right of action on account of such injury done . . . .")  To use plaintiff's argument, if the General Assembly wanted to create a new private and independent cause action for insurance fraud under NCGS § 58-2-161, it could have done so expressly as it has done with other criminal statutes.

## CONCLUSION:

Plaintiff is attempting to pursue a novel civil action against defendant, which is not supported by the law.  For the foregoing reasons and those previously presented in defendant's prior brief, the defendant respectfully moves this Court to dismiss plaintiff's complaint, pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted against this defendant.

THIS the 17th day of January, 2012.

**/s/ W. Scott Jones**
John C. Cloninger
N.C. State Bar 9752
W. Scott Jones
N.C. State Bar 18262
*Attorneys for Defendant*
CLONINGER, BARBOUR, SEARSON & JONES PLLC
21 Battery Park Avenue, Suite 201
Asheville, NC 28801
Phone:  (828) 252-5555
Facsimile:  (828) 232-9158
Email:  jack@lawyersasheville.com
            scott@lawyersasheville.com

# CERTIFICATE OF SERVICE

    I hereby certify that on January 17th, 2012, a copy of the foregoing **REPLY BRIEF TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was filed electronically, Notice of this filing and service will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Brady A. Yntema
David L. Brown
*Attorneys for Plaintiff*
Pinto, Coates, Kyre & Brown, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409
byntema@pckb-law.com
dbrown@pckb-law.com


Michael R. Nelson
Veronica M. Wayner
*Attorneys for Plaintiff*
Nelson Levine de Luca & Horst, LLC
One Battery Park Plaza
Part 32nd Floor
New York, New York 10004
(212) 233-0130
(212) 233-0172 (facsimile)
mnelson@nldhlaw.com
vwayner@nldhlaw.com

                                                **s/W. Scott Jones**
                                                W. Scott Jones