IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv234

| | |
|---|---|
| HARLEYSVILLE MUTUAL ) <br> INSURANCE COMPANY, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> WILLIAM G. GRAY, ) <br> ) <br>     **Defendant.** ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Dismiss [# 17]. Plaintiff brought this action against Defendant asserting claims for Intentional Burning, Fraud, and Violation of North Carolina Gen. Stat. § 58-2-161. All of these claims arise out of the alleged intentional burning of a property known as the Richmond Hill Inn. Defendant moves to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 17].

**I.  Background**

Plaintiff Harleysville Mutual Insurance Company ("Plaintiff") is a Pennsylvania corporation that issued an insurance policy to The Hammocks, LLC d/b/a Richmond Hill Inn. (Pl.'s Compl. ¶¶ 1, 7.) This policy provided coverage

-1-

for the Richmond Hill Inn, which at the time was owned by The Hammocks, LLC. (Id. ¶¶ 6-7.) The stated policy period was October 19, 2008, through October 19, 2009. (Id. ¶ 9.) Plaintiff, however, contends that the application for insurance submitted by Sarah McCullough on behalf of The Hammocks, LLC contained a number of false or misleading statements. (Id. ¶¶ 66-94.)

Defendant William G. Gray ("Defendant") is a resident of North Carolina and a member of The Hammocks, LLC. (Id. ¶¶ 2, 5.) Defendant was also the manager at the Richmond Hill Inn during the relevant time period. (Id. ¶ 6.)

On March 19, 2009, one of the buildings at the Richmond Hill Inn caught fire, destroying the right side of the building. (Id. ¶¶ 12, 14.) The Richmond Hill Inn, however, was closed that day and Defendant was the only person on the property at the time. (Id. ¶¶ 47-48.) When the fire department arrived on the scene, they discovered that the building on fire was vacant and secured, and that someone had shut off the sprinkler system. (Id. ¶¶ 16-18, 23.) The Asheville Buncombe Arson Task Force determined that someone intentionally set the fire. (Id. ¶ 15.)

In addition to the fire that burned the right side of the building, a small fire also occurred in the kitchen on the right side of the building. (Id. ¶¶ 21-22.) Someone tampered with the cooking stove in the kitchen to allow for a gas leak

from the stove . (Id. ¶ 21.) Plaintiff contends that Defendant either started the fires in question or hired another individual to set the fires. (Id. ¶ 24.)

After the fire destroyed part of the building, The Hammocks, LLC submitted a claim under the insurance policy. (Id. ¶ 54.) As part of the investigation by Plaintiff into the cause of the loss, Defendant submitted a Sworn Statement in Proof of Loss ("Proof of Loss"), which Defendant signed on behalf of The Hammocks, LLC. (Id. ¶¶ 55-58.) The Proof of Loss included a statement that the loss did not originate by an act, design, or procurement on the part of The Hammocks, LLC. (Id. ¶ 58.)

Subsequently, The Hammocks, LLC designated Defendant as the individual to testify on its behalf regarding the loss. (Id. ¶ 59.) Defendant then testified under oath. (Id. ¶¶ 25, 59.) Defendant testified that he did not cause the fires at issue. (Id. ¶ 60.)

Plaintiff now brings this suit to recover damages against Defendant. Specifically, the Complaint asserts a claim for intentional burning, fraud, and violation of North Carolina Gen. Stat. § 58-2-161. Defendant moves to dismiss the Complaint in its entirety. Defendant's motion is now properly before the Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the

complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief

that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to

dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

**III. Analysis**

**A. Plaintiff's Claim for Intentional Burning**

Count One of the Complaint asserts a claim for intentional burning against Defendant. North Carolina recognizes intentional burning as a defense to the recovery on an insurance policy. Shelby Mut. Ins. Co. of Shelby, Ohio v. Dual State Constr. Co., 330 S.E.2d 508, 510 (N.C. Ct. App. 1985); Freeman v. St. Paul Fire and Marine Ins. Co., 324 S.E.2d 307, 311 (N.C. Ct. App. 1985); Federated Mut. Ins. Co. v. Williams Trull Co., Inc., No. 1:08cv176, 2011 WL 3296064, at *36 (M.D.N.C. Aug. 1, 2011). In order to establish intentional burning as a defense, "the insurer must prove that the property was intentionally burned and that the insured participated directly or indirectly in its burning." Dual State Constr., 330 S.E.2d at 510. Plaintiff, however, contends that North Carolina also recognizes an independent tort brought by an insurer against a third party who participates in the intentional burning of the insured property of another. (Pl.'s Resp. Def.'s Mot. Dismiss at p. 3.)

The only case Plaintiff cites in support of its position is the unpublished

opinion Schaffner v. USAA Cas. Inc. Co., 172 N.C. App. 592, 2005 WL 1949877 (N.C. Ct. App. Aug. 16, 2005) (unpublished). In Schaffner, the defendant insurance company brought a counterclaim against the insured for violating the terms of the insurance policy by intentionally burning his house and car. 2005 WL 1949877, at *2. Schaffner does not hold, as Plaintiff contends, that an insurer may maintain an independent cause of action against a third party for intentionally burning the insured property of another. Rather, Schaffner involves the application of the intentional burning as a defense to the recovery on an insurance policy. Id. Moreover, this Court has not found any cases in North Carolina where an insurer has maintained an independent cause of action for an intentional burning against a third party who allegedly burned down the insured property of another. Any intentional burning claim arising from the fire at the Richmond Hill Inn lies against The Hammocks LLC as the insured as a defense to the recovery on the insurance policy. The fact that Defendant is a member of The Hammocks LLC and managed the Richmond Hill Inn does not dictate a different result. The Court finds that Plaintiff's claim for intentional burning against Defendant fails to state a claim and is subject to dismissal. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 17] as to Count I.

B.  **Plaintiff's Fraud Claim**

The elements of fraud under North Carolina law are: (1) the false representation or concealment of a material fact; (2) that is reasonably calculated to deceive; (3) is made with the intent to deceive; (4) does in fact deceive the plaintiff; and (5) damages that result from the false representation or concealment. Anderson v. Sara Lee Corp., 508 F.3d 181, 189 (4th Cir. 2007) (applying North Carolina law). In addition, a plaintiff must reasonably rely on the false representations. Id.

As a threshold matter, the fact that Defendant is a member of The Hammocks, LLC does not prohibit Plaintiff from asserting a fraud claim against him for any acts that Defendant undertook, even if he was acting on behalf of The Hammocks, LLC at the time. See White v. Collins Bldg., Inc., 704 S.E.2d 307, 310 (N.C. Ct. App. 2011) ("It is well settled that an individual member of a limited liability company or an officer of a corporation may be individually liable for his or her own torts . . . .") "Furthermore, the potential for corporate liability, in addition to individual liability, does not shield the individual tortfeasor from liability. Rather, it provides the injured party a choice as to which party to hold liable for the tort." Strang v. Hollowell, 387 S.E.2d 664, 318-19 (N.C. Ct. App. 1990). To the extent that Defendant personally committed fraud, Plaintiff may

proceed against him personally, even if all the allegedly fraudulent acts occurred while he was acting as an agent for The Hammocks, LLC.

Plaintiff contends that Defendant is liable for fraud as the result of: (1) the false representations made to Plaintiff regarding the origin of the fire (Pl.'s Compl.¶ 112); and (2) the misrepresentation made to Plaintiff in the insurance application (Id. ¶ 115.) Defendant, however, did not make the misrepresentations in the insurance application. Rather, any alleged misrepresentations were made by Sarah McCullough, an employee of The Hammocks, LLC. (Pl.'s Compl.¶¶ 66-71.) Although the Complaint alleges that "McCullough had [Defendant's] express authority to handle all insurance matters on behalf of The Hammocks, including the interaction with the insurance agent during the completion of all applications for the procurement of the policy[,]" this at most establishes that Ms. McCullough was acting as an agent of The Hammocks, LLC at the time of the alleged misrepresentations, see generally White v. Consolidated Planning, Inc., 603 S.E.2d 147, 158 (N.C. Ct. App. 2004); the allegations do not allege facts that would make Defendant liable in fraud for the acts of Ms. McCullough committed on behalf of The Hammocks, LLC.

Similarly, the fraud claim based on the misrepresentations made by Defendant as to the cause of the fire also fail as a matter of law. The Complaint

alleges that after intentionally setting fire to the building at the Richmond Hill Inn (Pl.'s Compl. ¶ 24), Defendant intentionally concealed this fact or misrepresented this fact to Plaintiff (Id. ¶ 114). The Complaint, however, fails to allege any facts demonstrating that Plaintiff was actually deceived or otherwise relied on Defendant's misrepresentation regarding the cause of the fire. See Anderson, 508 F.3d at 189. Accordingly, the Court **RECOMMENDS** that the Court **GRANT** the Motion to Dismiss [# 17] as to Count Two.

### C. Plaintiff's Claim under N.C. Gen. Stat. § 58-2-161

Count Three of the Complaint asserts a claim for damages under N.C. Gen. Stat. § 58-2-161. This statute provides that:

> (b) Any person who, with the intent to injure, defraud, or deceive an insurer or insurance claimant:
>
> (1) Presents or causes to be presented a written or oral statement, including computer-generated documents as part of, in support of, or in opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false or misleading information concerning any fact or matter material to the claim, or
>
> (2) Assists, abets, solicits, or conspires with another person to prepare or make any written or oral statement that is intended to be presented to an insurer or insurance claimant in connection with, in support of, or in opposition to, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false or misleading information concerning a fact or matter material to the claim is guilty of a Class H felony. Each claim shall be considered a separate count. Upon conviction, if the court imposes

> probation, the court may order the defendant to pay restitution as a condition of probation. In determination of the amount of restitution pursuant to G.S. 15A-1343(d), the reasonable costs and attorneys' fees incurred by the victim in the investigation of, and efforts to recover damages arising from, the claim, may be considered part of the damage caused by the defendant arising out of the offense.
>
> In a civil cause of action for recovery based upon a claim for which a defendant has been convicted under this section, the conviction may be entered into evidence against the defendant. The court may award the prevailing party compensatory damages, attorneys' fees, costs, and reasonable investigative costs. If the prevailing party can demonstrate that the defendant has engaged in a pattern of violations of this section, the court may award treble damages.

N.C. Gen. Stat. § 58-2-161(b). Although the language of Section 58-2-161(b) provides for a civil cause of action, it does so only after the defendant has been convicted of a felony under Section 58-2-161(b)(1) or (2). As the language of the statute makes clear, N.C. Gen. Stat. § 58-2-161(b) allows for the post-conviction recovery of damages, attorneys' fees, costs, and investigate costs <u>after</u> an individual is convicted of insurance fraud. See Cathryn M. Little, <u>Fighting Fire with Fire: "Reverse Bad Faith" in First-Party Litigation Involving Arson and Insurance Fraud</u>, 19 CAMPBELL L. REV. 43, 64-65 (1996) (explaining that Section 58-2-161 "only provides relief to an insurer after there has already been a criminal conviction in a separate proceeding")  Accordingly, Plaintiff's contention that it may maintain an action under N.C. Gen. Stat. § 58-2-161(b) even though

Defendant has not been convicted of insurance fraud is without merit. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the motion [# 17] as to Count Three.

IV. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 17] and dismiss the Complaint.

Signed: March 19, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).